### ROOT v. SPENCE.

(Supreme Court, Appellate Term. April 10, 1908.)

BROKERS—RIGHT TO COMMISSIONS—EVIDENCE.

    In an action for commissions for negotiating a loan, evidence examined, and *held* not to warrant a recovery.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles Root against Alice Spence. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

John A. Kamping, for appellant.
Warren McConihe, for respondent.

PER CURIAM. The judgment exceeds by $15 the amount claimed by plaintiff at the trial, but it should be wholly reversed. Defendant was threatened with foreclosure. To avoid this danger plaintiff's assignor undertook to procure a second mortgage for $1,000. Considerable delay ensued, for which, perhaps, the broker was not wholly responsible. But there came a period when the objections to the title were overcome. The broker or his attorney received notice of revocation from defendant on June 20th; she having made arrangements to obtain the loan elsewhere. Nevertheless defendant waited for the broker or his principal until about 2 p. m. of June 21st, and finally closed with the other party. It is sought to extenuate this nonappearance by saying that the attorney had another and personal loan to close on that day. Even the bond and mortgage had not been fully prepared for execution. This explanation, in the circumstances, is not satis-

factory. On the whole case plaintiff failed to establish the right to recover.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.